**Meva SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–73053.
Agency No. A79–581–832.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Alexandru A. Cristea, Downey, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

## MEMORANDUM\*\*\*

Meva Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Accepting Singh's testimony as credible, the record does not compel the conclusion that Singh established asylum eligibility because he failed to present "credible, direct and specific evidence" that he has a well-founded fear of future persecution based on his arrests by Punjabi and Calcutta authorities. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001). Because Singh failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Singh also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**